FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 29 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
THOMAS GESUALDI and FRANK FINKEL,
Trustees of Local 282 International
Brotherhood of Teamsters Welfare, Pension,
Annuity, Job Training and Vacation Sick
Leave Trust Funds,

                                          Plaintiffs,

      -against-

ADVANCED READY MIX CORP.,

                                          Defendant.
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

10-CV-3499 (SLT)(SMG)

**TOWNES, United States District Judge:**

      Plaintiffs, Trustees of the Welfare, Pension, Annuity, Job Training and Vacation Sick Leave Trust Funds (collectively, the "Funds") of Local 282, an affiliate of the International Brotherhood of Teamsters, commenced this action on July 30, 2010 against defendant Advanced Ready Mix Corp. ("Defendant"), seeking to recover delinquent contributions owed under the terms of a collective bargaining agreement (the "CBA") and a trust agreement (the "Trust Agreement"). On January 3, 2011, this Court approved a Stipulation of Settlement (the "Stipulation") between the parties that provided for, *inter alia*, payment by Defendant in monthly installments comprising delinquent contributions, related statutory damages, interest and attorneys' fees. Under the terms of the Stipulation, Defendant also agreed to begin making required contributions and submitting remittance reports to the Funds in a timely manner. As agreed, failure by Defendant to comply with any of the terms set forth in the Stipulation would entitle Plaintiffs to obtain a judgment award in the amount specified in the Stipulation, along with injunctive relief against Defendant.

1

On February 11, 2011, Plaintiffs moved for a default judgment, citing as its bases Defendant's failure (i) to make the monthly payment due on February 1, 2011 and (ii) to submit remittance reports or make fringe benefit contributions during all weekly periods in December 2010. In support of the motion, Plaintiffs submitted, *inter alia*, an excerpt from the Trust Agreement, a single remittance report for the first weekly period in August 2010 and a copy of the billing record for attorneys' fees and costs requested as part of the judgment award. Due to certain deficiencies in the documentation submitted in support of the motion and a lack of details provided for calculations made to derive the interest component of the award, the motion is denied without prejudice and with leave to re-file.

## *DISCUSSION*

### *Remittance Reports and Other Supporting Documentation for Contribution Calculations*

In determining the total amount of delinquent contributions for December 2010, for which period no remittance reports had been submitted by Defendant, Plaintiffs cite their reliance upon Article IX, Section 1(e) of the Trust Agreement, which states that the amount of contributions owed for any given *month* may be calculated by "adding 10 percent to the number of hours for the *month* in which the largest number of hours were reported in the previous twelve (12) reports submitted by the Employer (hereinafter referred to as the base month)." Affirm in Supp. of J., Ex. C, Trust Agreement, Article IX, Section 1(e) (emphasis added). When applying the above formula to derive the amount of delinquent contributions owed for the entire month of December 2010, however, Plaintiffs extrapolated the amount from the total hours worked for the first *week* of August 2010, apparently deeming it the base "week." To corroborate the use of the

2

first week of August 2010 as the base "week," Plaintiffs submitted the remittance report for that week, but no other reports. *See id.*, Ex. D.

Plaintiffs' use of a base week is contrary to the literal language of Section 1(e), Article IX of the Trust Agreement, which calls for the use of hours worked during a base month, as opposed to a base week, in determining the total amount of delinquent contributions for any given month for which no remittance report(s) had been submitted. To correct this apparent error in contractual interpretation, Plaintiffs are directed to select a base *month* in accordance with the definition set forth in Section 1(e) from the twelve-month period immediately preceding December 2010 when making the calculation contemplated in that section. As support for the selection of a particular month as the base month, Plaintiffs are further directed to submit all remittance reports applicable for that month, plus any other remittance reports that Plaintiffs deem to be appropriate for purposes of the instant action. Complete copies of the CBA and the Trust Agreement should also be attached to the re-filed motion for background informational purposes.

### *Interest Calculations*

Plaintiffs' Affirmation in Support of Judgment sets forth, by week and in chart format, the amount of unpaid contributions, interest and liquidated damages requested as part of the judgment award in connection with Defendant's delinquency in December 2010. *See id.*, para. 15. This Court has attempted to verify, and has verified to the extent possible, all of the numbers and calculations set forth in Plaintiffs' motion; however, informational deficiencies have made a thorough verification of the default interest calculations impracticable. For example, the amount of default interest requested for the week ending on December 3, 2010 is listed as $208.86,

3

without any supporting calculations or explanation for the derivation of the number. Similar deficiencies exist with respect to all other amounts of interest listed for the month of December 2010. Plaintiffs are therefore directed to provide a detailed explanation of the calculation process and method used to determine each component of the requested interest award.

*Supporting Documentation for Attorneys' Fees*

According to the billing record generated by Plaintiffs' attorneys, an associate named Linc C. Leder billed the largest number of hours for work performed in the present matter, at the hourly rate of $225.00. Mr. Leder was admitted to the bar in 2009 and has specialized in representing funds in ERISA litigation since 2010. *See id.* at para. 17. In this Court's experience, most law firm associates who have practiced ERISA litigation in this District, billing at similar rates, tend to have more years of experience than the associate in question. Plaintiffs are directed to submit additional background information, including a curriculum vitae, relating to Mr. Leder in order to assist the Court in its determination of the reasonableness of the amount of attorneys' fees requested as part of the judgment award in the instant action.

## *CONCLUSION*

For the reasons set forth above, Plaintiffs' motion for a default judgment is denied without prejudice and with leave to re-file. Plaintiffs are directed to submit additional supporting documentation and to provide details relating to interest award calculations, as stated above, to aid this Court in its determination of a judgment award. Plaintiffs are directed to

submit additional supporting documentation and to provide details relating to interest award calculations, as stated above, to aid this Court in its determination of a judgment award.

**SO ORDERED.**

s/ SLT

_____
SANDRA L. TOWNES
United States District Judge

Dated: Sept. 29, 2011
Brooklyn, New York