UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

THOMAS GESUALDI and FRANK FINKEL,
Trustees of Local 282 International Brotherhood of
Teamsters Welfare, Pension, Annuity, Job Training
and Vacation Sick Leave Trust Funds,

**MEMORANDUM AND ORDER**

Plaintiffs,

10-CV-3499 (SLT)(SMG)

-against-

ADVANCED READY MIX CORP.,

Defendant.

-------------------------------------------------------------------x

**TOWNES, United States District Judge:**

According to a letter dated February 12, 2013, which this Court recently received from

the attorneys for Tilcon New York, Inc. ("Tilcon"), Tilcon obtained a $287,500 judgment against

defendant Advanced Ready Mix Corp. on December 12, 2012. At some unspecified point after

obtaining this judgment, Tilcon served restraining notices pursuant N.Y. C.P.L.R. 5222 upon

defendant; its principal, Rocco Manzione; and Dealy & Silberstein, the law firm which

represented defendant in this action. However, this Court was not made aware of Tilcon's

judgment until it received the letter dated February 12, 2013.

On February 4, 2013, the parties to this action submitted a proposed Consent Judgment,

purporting to resolve this action. That Consent Judgment provided, *inter alia*, that defendant

would make an immediate payment to plaintiffs in the amount of $58,000 and, beginning

February 15, 2013, would pay $10,000 on the fifteenth day of each month until a total of

$178,000 had been paid. The Consent Judgment also requested that this Court close this action

administratively, but provided that plaintiffs would have the right to reopen this action to enforce

the terms of the Consent Judgment.

This Court "so ordered" the proposed Consent Judgment on February 5, 2013. The Consent Judgment was entered on February 6, 2013. Per the parties' request, this action was administratively closed on or about that date.

In its letter dated February 12, 2013, Tilcon seeks to intervene in this action pursuant to Fed. R. Civ. P. 24(a)(2). That section provides, in pertinent part, that "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action . . . ." However, since this case has already been closed administratively, it is too late to intervene. Accordingly, to the extent that Tilcon's letter dated February 12, 2013, can be construed as a motion to intervene pursuant to Fed. R. Civ. P. 24(a)(2), that motion is untimely. Nothing herein prohibits Tilcon from renewing its motion if plaintiffs reopen this action. However, any renewed motion should include a memorandum of law addressing, inter alia, whether a judgment-creditor's interest in collecting a debt is sufficient for intervention in this action.

**SO ORDERED.**

s/ SLT

/ SANDRA L. TOWNES
United States District Judge

Dated: February 25 , 2013
Brooklyn, New York